```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM E. FARBER; MARY F. FARBER;
INDIVIDUALLY AND AS THE PARENTS
AND NATURAL GUARDIANS OF N.M.F.
and L.A.F.; N.M.F., L.A.F. INDIVIDUALLY,
                                            SEALED CASE
               Plaintiffs,                  MEMORANDUM & ORDER
                                            09-3255(JS)(ETB)

          -against-

THE COUNTY OF SUFFOLK; OFFICE OF THE COUNTY
EXECUTIVE STEVE LEVY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
LINDA MCOLVIN; JANET DEMARZO; SUFFOLK COUNTY
CHILD PROTECTIVE SERVICES BUREAU;
ILVIS RODRIGUEZ; MICHAEL DELGADO;
MARK CLAVIN; THE STATE OF NEW YORK;
OFFICE OF CHILDREN AND FAMILY SERVICES;
DAVID PATTERSON; THE NEW YORK STATE
DEPARTMENT OF SOCIAL SERVICES;
GLADYS CARRION; THE STATE OF NEW YORK
CENTRAL REGISTRY; DAVID PETERS; THE NEW
YORK STATE OFFICE OF LEGAL ADMINISTRATIVE
REVIEW FOR CHILDREN AND FAMILY SERVICES,
STATE OF NEW YORK; CHARLES CARSON; EMILY BRAY,

               Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     William and Mary Farber, Pro Se
                    153 Matthews Road
                    Oakdale, NY 11769

For Defendants:     Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    P.O. Box 6100
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788-0099
```

SEYBERT, District Judge:

On July 29, 2009, William E. Farber ("Mr. Farber"), Mary F. Farber ("Mrs. Farber"), "individually and as the parents and natural guardians of N.M.F. and L.A.F.," N.M.F., and L.A.F,

("Plaintiffs") brought this fee-paid Complaint against Emily Bray, Gladys Carrion, Charles Carson, Mark Clavin, Janet DeMarzo, Michael Delgado, Linda McOlvin, Office of Children and Family Services, Office of the County Executive, Steve Levy, David Patterson, David R. Peters, Ilvis Rodriguez, Suffolk County Child Protective Services Bureau, the County of Suffolk, the New York State Department of Social Services, the New York State Office of Legal Administrative Review for Children and Family Services, the State of New York, the State of New York Central Registry, and the Suffolk County Department of Social Services ("Defendants"), pursuant to 42 U.S.C. §§ 1983 and 1985, as well as various state law claims. (Compl. ¶ 1.)

Plaintiffs brought this action to have what they maintain are false allegations of sexual abuse removed from various police and state reports. From the submissions filed with the Complaint, it appears N.M.F. was born in 1989, (Office of Child Services Report at 2) and L.A.F appears to be approximately fifteen years of age (Office of Children and Family Services 9/22/2006 Intake Report). None of the Plaintiffs are represented by counsel, and Mr. and Mrs. Farber seek to represent their children, although neither of them are attorneys.

## DISCUSSION

Except in certain circumstances not plead here, "'[a] parent not admitted to the bar cannot bring an action pro se in

2

federal court on behalf of his or her child.'" Tindall v. Poultney High School Dist., 414 F.3d 281, 284 (2d Cir. 2005); accord Berrios, as Guardian Ad Litem of Angel M. Travieso, v. N.Y. City Hous. Auth., 564 F.3d 130 (2d Cir. 2009).  Moreover, the court has a duty to enforce this rule sua sponte, for "[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (alteration in original).  The rationale for this rule is the protection of the legal interests of the minor and avoidance of the impropriety of "a person who is not a member of the bar representing another person in court proceedings." Tindall, 414 F.3d at 284.  Where an individual lacks the capacity to sue due to minority, "[t]here is . . . no individual choice to proceed pro se for courts to respect" and no issues concerning the litigation should be decided until the counsel issue is resolved. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990).  In other words, the court may not make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented. Berrios, 564 F.3d 130, 132 (2d Cir. 2009).

Applying the above standard to the case at hand, Mr. and Mrs. Farber may assert their claims on their own behalf. Assuming, however, they are not members of the bar, Mr. and Mrs. Farber may

3

not assert claims on behalf of their children. To the extent N.M.F and/or L.A.F. are minor children, there is no individual choice to proceed pro se.

## CONCLUSION

Accordingly, on or before December 11, 2009, Plaintiffs must either obtain counsel for any minor Plaintiffs or file a motion for appointment of counsel for such parties. Any non-minor child wishing to proceed pro se must sign the Complaint. If Plaintiffs fail to do either as directed by this Order, the Court shall dismiss this Complaint as to any minor children Plaintiffs without prejudice pursuant to Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123 (2d Cir. 1998).

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October  17 , 2009
         Central Islip, New York