```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
WILLIAM E. FARBER; MARY F. FARBER;
INDIVIDUALLY AND AS THE PARENTS
AND NATURAL GUARDIANS OF N.M.F.
and L.A.F.; N.M.F., L.A.F. INDIVIDUALLY,
                                            MEMORANDUM & ORDER
                Plaintiffs,                 09-3255(JS)(ETB)

        -against-

THE COUNTY OF SUFFOLK; OFFICE OF THE COUNTY
EXECUTIVE STEVE LEVY; SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES;
LINDA MCOLVIN; JANET DEMARZO; SUFFOLK COUNTY
CHILD PROTECTIVE SERVICES BUREAU;
ILVIS RODRIGUEZ; MICHAEL DELGADO;
MARK CLAVIN; THE STATE OF NEW YORK;
OFFICE OF CHILDREN AND FAMILY SERVICES;
DAVID PATTERSON; THE NEW YORK STATE
DEPARTMENT OF SOCIAL SERVICES;
GLADYS CARRION; THE STATE OF NEW YORK
CENTRAL REGISTRY; DAVID PETERS; THE NEW
YORK STATE OFFICE OF LEGAL ADMINISTRATIVE
REVIEW FOR CHILDREN AND FAMILY SERVICES,
STATE OF NEW YORK; CHARLES CARSON; EMILY BRAY,

                Defendants.
----------------------------------------------X
APPEARANCES:
For Plaintiffs:    William E. Farber, Pro Se
                   Mary Farber, Pro Se
                   Nicole Marie Farber, Pro Se
                   153 Matthews Road
                   Oakdale, NY 11769

For Defendants:    Arlene S. Zwilling, Esq.
                   Suffolk County Attorney
                   P.O. Box 6100
                   H. Lee Dennison Building
                   100 Veterans Memorial Highway
                   Hauppauge, NY 11788-0099

SEYBERT, District Judge:

        On July 29, 2009, Plaintiffs commenced this civil rights
action pursuant to 42 U.S.C. § 1983.  At the time of the
```

commencement, L.A.F., a minor child, was a party to the action. On October 17, 2009, this Court issued a Memorandum and Order ("October Order") holding that William E. Farber and Mary Farber (collectively, "Mr. and Mrs. Farber"), as non-attorneys, could not represent their minor children, and noting that minor children may not proceed pro se. Accordingly, the Court directed Mr. and Mrs. Farber to either obtain counsel for any minor Plaintiffs or file a motion for appointment of counsel for such parties. The Court noted that any non-minor child wishing to proceed pro se must sign the Complaint, and warned that it would dismiss the Complaint as to any minor children if Plaintiffs failed to comply by December 11, 2009.

On November 2, 2009, Plaintiffs filed their current letter application. In that motion, Plaintiffs seek to (1) voluntarily dismiss the claims of minor L.A.F., (2) maintain the sealed status of this action, and (3) amend the Complaint. All told, Plaintiffs' application consists of one page, and does not contain a memorandum of law in support of any motion, nor does it contain a Proposed Amended Complaint. In response, Defendants opposed the second and third applications and gave no indication as to whether they consented to dismissal of L.A.F.'s claims. Finally, by a letter dated November 25, 2009, Defendants consented to the withdrawal of L.A.F.'s claims.

## BACKGROUND

For a more detailed discussion of the factual background of this case, see the Court's October Order.

## DISCUSSION

I. <u>Voluntary Dismissal of L.A.F.'s Claims</u>

Rule 41 provides in relevant part:

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff.
>
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending

> for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
>
> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41.

In this case, Plaintiffs do not indicate under which subsection they seek voluntary dismissal of L.A.F.'s claims. Accordingly, the Court construes the application as pursuant to Rule 41(a)(2), as the parties have not entered into a stipulation of dismissal. As per the Court's October Order, Plaintiffs were required to obtain counsel for any minor children that sought to bring claims in this action. By their most recent application, Plaintiffs seem to indicate that they have no intention of retaining counsel for L.A.F. Accordingly, the Court hereby DISMISSES all of L.A.F.'s claims, without prejudice, pursuant to Rule 41(a)(2).

## II. Sealed Status of this Case

Generally, courts strongly presume that the public is entitled to access court documents. In re Terrorist Attacks on September 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)

(quoting SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001)). "'Accordingly, a party seeking a protective order sealing trial, other court hearings, or motions and accompanying exhibits filed with the court must satisfy a more demanding standard of good cause.'" Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc., No. 07-CV-2014, 2008 WL 199537, at *2-3 (S.D.N.Y. Jan. 22, 2008) (quoting In re Terrorist Attacks, 454 F. Supp. 2d at 222-23). Even after a case is sealed, parties must demonstrate good cause to justify the case's continued sealed status. See id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003). The party seeking to maintain the case's sealed status bears the burden of establishing good cause. See Standard Inv. Chartered, Inc., 2008 WL 199537, at *3. "Rule 26(c)'s 'good cause' analysis is informed by the common law presumption of public access. Id. (citing, for example, United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

In this case, the Court ordered that the case be sealed because, according to Mr. and Mrs. Farber's representations in their Complaint, their two minor children were Plaintiffs in this action. At this point in the litigation, however, the Court has (1) learned that one of their daughters is no longer a minor, and (2) dismissed the claims of L.A.F., Mr. and Mrs. Farber's remaining minor daughter. In an effort to meet their burden, Plaintiffs tell the Court that their older daughter would suffer "stigmatism" if

5

the case were unsealed. Despite their claim, however, Plaintiffs unsupported assertion is insufficient to establish "good cause" that would justify maintaining the sealed status of this case. Accordingly, the Court Orders that the case be Unsealed.

III. Motion to Amend

Local Rule of Civil Procedure 7.1 states that

> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.

LOCAL R. CIV. P. 7.1. Additionally, any motion to amend must be accompanied by a Proposed Amended Complaint, which contains all new proposed claims.

In this case, Plaintiffs fail to include either a memorandum of law in support of their motion or a Proposed Amended Complaint. Accordingly, the Court DENIES Plaintiffs' application, without prejudice, and with leave to refile. If Plaintiffs choose to renew their motion to amend, they must do so by December 28, 2009.

CONCLUSION

For the foregoing reasons, the Court (1) DENIES Plaintiffs' application for a protective order maintaining the

sealed status of the action; and (2) DENIES without prejudice Plaintiffs' motion to amend. Plaintiffs may renew its motion to amend by December 28, 2009 by refiling its motion along with a memorandum of law in support of its application, and a Proposed Amended Complaint. Plaintiffs are advised that any application to this Court must be made in compliance with the Federal and Local Rules of Civil Procedure, and this Court's Individual Motion Practices. The Local Rules and Individual Motion Practices of this Court are available at http://www.nyed.uscourts.gov/Local_Documents/local_documents.html. Furthermore, the Clerk of the Court is directed to Unseal this case. Finally, the Clerk of the Court is directed to update the docket, deleting all references to L.A.F.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  1 , 2009
       Central Islip, New York