```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
WILLIAM E. FARBER; MARY F. FARBER;
INDIVIDUALLY AND AS THE PARENTS              MEMORANDUM & ORDER
AND NATURAL GUARDIANS OF N.M.F.;             09-CV-3255(JS)(ETB)
N.M.F., INDIVIDUALLY,

                    Plaintiffs,

        -against-

THE COUNTY OF SUFFOLK; OFFICE OF THE
COUNTY EXECUTIVE STEVE LEVY; SUFFOLK
COUNTY DEPARTMENT OF SOCIAL SERVICES;
LINDA MCOLVIN; JANET DEMARZO; SUFFOLK
COUNTY CHILD PROTECTIVE SERVICES BUREAU;
ILVIS RODRIGUEZ; MICHAEL DELGADO;
MARK CLAVIN; THE STATE OF NEW YORK;
OFFICE OF CHILDREN AND FAMILY SERVICES;
DAVID PATTERSON; THE NEW YORK STATE
DEPARTMENT OF SOCIAL SERVICES;
GLADYS CARRION; THE STATE OF NEW YORK
CENTRAL REGISTRY; DAVID PETERS; THE NEW
YORK STATE OFFICE OF LEGAL ADMINISTRATIVE
REVIEW FOR CHILDREN AND FAMILY SERVICES,
STATE OF NEW YORK; CHARLES CARSON; EMILY
BRAY,
                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      William E. Farber, Pro Se
                    Mary Farber, Pro Se
                    N.M.F., Pro Se
                    153 Matthews Road
                    Oakdale, NY 11769

For Defendants:     Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788-0099
```

SEYBERT, District Judge:

Presently pending before the Court is pro se Plaintiffs' William E. Farber, Mary Farber, and N.M.F.'s ("Plaintiffs") motions for reconsideration of this Court's December 1, 2009 Order ("December 1, 2009 Order") denying, among other things, Plaintiffs' application for a protective order maintaining the sealed status of the action. Additionally, Plaintiffs seeks leave to amend the Complaint. For the reasons discussed herein, Plaintiffs' motion for reconsideration is DENIED and their motion to amend is GRANTED.

BACKGROUND

For a more detailed discussion of the factual background of this case, see the Court's October 17, 2009 Order ("October Order"). On July 29, 2009, Plaintiffs commenced this civil rights action pursuant to 42 U.S.C. § 1983. At the time of the commencement, L.A.F., a minor child, was a party to the action. In its October Order, this Court held that William E. Farber and Mary Farber (collectively, "Mr. and Mrs. Farber"), as non-attorneys, could not represent their minor children, and noting that minor children may not proceed pro se.

On November 2, 2009, Plaintiffs filed a letter application. In that motion, Plaintiffs sought, among other things, to voluntarily dismiss the claims of minor L.A.F. and maintain the sealed status of this action. In its entirety, Plaintiffs'

2

application consisted of one page, and did not contain a memorandum of law in support of any motion. In response, Defendants opposed the applications but ultimately consented to the withdrawal of L.A.F.'s claims. Defendants also objected to maintaining the sealed status of the case since the parties at interest were now of majority age.

On December 1, 2009, this Court allowed the voluntary dismissal of L.A.F.'s claim and denied Plaintiffs' application for a protective order maintaining the sealed status of the action. Presently before the Court is Plaintiffs' motion to reconsider this Court's denial of the sealing order.

## DISCUSSION

I. Motion for Reconsideration

A. Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate

arguments and issues already considered by the Court in deciding the original motion.  See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously.").  Nor is it proper to raise new arguments and issues.  See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[ ] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked."  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Medoy v. Warnaco Empls. Long Term Disability Ins. Plan, No. 97-CV-6612, 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

4

B. <u>Plaintiffs' Argument</u>

As a basis for their request to re-seal this case, Plaintiffs argue that they are subject to the protections of the Crime Victims Act, 18 U.S.C. § 3771 (the "Act"). But as a prerequisite to obtaining the Act's protections, Plaintiffs must show that they are "crime victims" within the meaning of the statute. The statute defines crime victim as follows:

> (e) DEFINITIONS.--For the purposes of this chapter, the term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights under this chapter, but in no event shall the defendant be named as such guardian or representative.

18 U.S.C. § 3771(e).

In this case, Plaintiffs have not satisfied the Act's requirements: namely, that Defendants committed a Federal offense or an offense in the District of Columbia. Thus, even if the Act provided the relief Plaintiffs seek, they would not be eligible for that relief, because they are not the victims of a Federal offense. Furthermore, none of the other statutes Plaintiffs cite provide them the relief they seek. Accordingly, Plaintiffs' motion for

5

reconsideration is DENIED.

II. <u>Motion to Amend</u>

Federal Rules of Civil Procedure 15(a) mandates that courts should grant leave to amend freely "where justice so requires." FED. R. CIV. P. 15(a). As a general matter, it is within the discretion of the district court to grant or deny leave to amend. See <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995)(citing <u>John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.</u>, 22 F.3d 458, 462 (2d Cir. 1994)). However, outright refusal to grant leave without any justification for the refusal is an abuse of discretion and inconsistent with the spirit of the federal rules. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). A motion to amend should be denied if and only if there has been evidence of an undue delay, bad faith, or futility of the amendment, and perhaps most important, the resulting undue prejudice to the opposing party. <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001); <u>State Teachers Retirement Bd. v. Fluor Corp.</u>, 654 F. 2d 843, 856 (2d Cir. 1981).

In this case, Plaintiffs' motion is unopposed. Additionally, the Court has no reason to believe that Plaintiffs bring this motion in bad faith, after undue delay, or that allowing the amendment will unfairly prejudice the Defendants. Accordingly, the Court GRANTS Plaintiffs' motion to amend the Complaint.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration is DENIED, but their motion to amend is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2010
       Central Islip, New York