```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM E. FARBER; MARY F. FARBER;
individually and as the parents and              MEMORANDUM & ORDER
natural guardians of N.M.F.; N.M.F.,             09-CV-3255(JS)(ETB)
individually,

                      Plaintiffs,

       -against-

THE COUNTY OF SUFFOLK, STATE OF NEW
YORK; OFFICE OF THE COUNTY EXECUTIVE
STEVE LEVY, individually and in his
individual capacity; THE SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES; LINDA
MCOLVIN, individually and in her
official capacity; JANET DEMARZO,
individually and in her official capacity;
SUFFOLK COUNTY CHILD PROTECTIVE SERVICES
BUREAU; ILVIS RODRIGUEZ, individually and
In her official capacity; MICHAEL
DELGADO, individually and in his official
capacity; MARK CLAVIN, individually and
in his official capacity; THE STATE OF
NEW YORK; OFFICE OF CHILDREN AND FAMILY
SERVICES; DAVID PATTERSON, Chief
Executive Officer Govenor, individually
and in his official capacity; THE NEW
YORK STATE DEPARTMENT OF SOCIAL SERVICES;
GLADYS CARRION, individually and in her
official capacity; THE STATE OF NEW YORK
CENTRAL REGISTRY; DAVID R. PETERS,
individually and in his official capacity;
THE NEW YORK STATE OFFICE OF LEGAL
ADMINISTRATIVE REVIEW FOR CHILDREN AND
FAMILY SERVICES, STATE OF NEW YORK;
CHARLES CARSON, individually and in his
official capacity; and EMILY BRAY,
individually and in her official capacity,

                      Defendants.
----------------------------------------X
```

```
APPEARANCES
For Plaintiffs:      William E. Farber, pro se
                     Mary F. Farber, pro se
                     N.M.F., pro se
                     135 Matthews Road
                     Oakdale, New York 11769

For State
Defendants:          Dorothy O. Nese, Esq.
                     Office of the N.Y.S. Attorney General
                     200 Old Country Road, Suite 460
                     Mineola, New York 11501

For all other
Defendants:          Arlene S. Zwilling, Esq.
                     Suffolk County Attorney
                     H. Lee Dennison Building
                     100 Veterans Memorial Highway
                     P.O. Box 6100
                     Hauppauge, New York 11788
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), issued on January 9, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

## BACKGROUND[1]

On July 29, 2009, Plaintiffs William E. Farber and Mary J. Farber, individually and as the parents and natural guardians of N.M.F. and L.A.F., and N.M.F. and L.A.F., individually (collectively "Plaintiffs"), brought this action under seal against The County of Suffolk, State of New York;

---

[1] The Court has included only those facts relevant to the pending motion and R&R.

Office of the County Executive Steve Levy, individually and in his official capacity; The Suffolk County Department of Social Services; Linda McOlvin, individually and in her official capacity; Janet DeMarzo, individually and in her official capacity; Suffolk County Child Protective Services Bureau; Ilvis Rodriguez, individually and in her official capacity; Michael Delgado, individually and in his official capacity; Mark Clavin, individually and in his official capacity; the State of New York, Office of Children and Family Services; David Patterson, Chief Executive Officer Governor, individually and in his official capacity; the New York State Department of Social Services; Gladys Carrion, individually and in her official capacity; the State of New York, Central Registry; David R. Peters, individually and in his official capacity; the New York State Office of Legal Administrative Review for Children and Family Services, State of New York; Charles Carson, individually and in his official capacity; and Emily Bray, individually and in her official capacity (collectively "Defendants") pursuant to 42 U.S.C. §§ 1983 and 1985, as well as various state law claims. (Compl. ¶ 1.) Plaintiffs brought this action to have what they maintain were false allegations of sexual abuse removed from various police and state records.

On November 2, 2009, Plaintiffs filed a letter application seeking, among other things, to voluntarily dismiss

the claims of minor L.A.F. and maintain the sealed status of the action. (Docket Entry 11.) In a December 1, 2009 Memorandum and Order, this Court held that case should not continue to be sealed because one of Mr. and Mrs. Farber's daughters was no longer a minor, and Plaintiffs dismissed the claims of the other minor child. (Docket Entry 14 at 5.) As such, this Court held that there no longer existed "good cause" to justify maintaining the sealed status of the case. (Id. at 5.)

Plaintiffs moved for reconsideration of that Order (Docket Entry 20), which this Court denied on September 30, 2010 (Docket Entry 25).

On February 8, 2012, during the course of discovery, Judge Brown held a status conference. (Docket Entry 42.) At that time, Plaintiffs and some of the Defendants entered into a stipulation of settlement. (Id.) The relevant parties filed their settlement agreement (Docket Entry 43) and on February 14, 2012, the Court dismissed the State of New York; the State of New York, Central Registry; the New York State Department of Social Services; and the New York State Office of Legal Administrative Review for Children and Family Services, State of New York as defendants. (Docket Entry 44.)

Thereafter, on May 23, 2012, Judge Brown held another settlement conference. (Docket Entry 49.) The result of that conference was a stipulation of settlement that effectively

4

ended the case. Judge Brown therefore recommended dismissal (Docket Entry 49), and this Court entered an order dismissing the case on May 29, 2012 (Docket Entry 51).

After the action was dismissed, Plaintiff's filed their current motion to have the case sealed. (Docket Entry 52.) On July 26, 2012, the Court referred Plaintiffs' motion to Judge Brown.

On January 9, 2012, Judge Brown issued an R&R recommending that the motion to seal be denied because the records and documents associated with this case have been publicly filed.

No party has objected to any portion of Judge Brown's R&R.

### DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of the date of the R&R. The time for filing objections has expired,

and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's R&R is ADOPTED in its entirety and Plaintiffs' motion to seal the case is DENIED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February   21  , 2013
         Central Islip, New York

6